REGAN, Judge.
Plaintiff, Associates Discount Corporation of the State of Indiana, with branch offices in Lansing, Michigan and New Orleans, Louisiana, instituted this suit against defendant, Wilmer J. Boudreaux, alleging-that he was in possession of a certain 1949' model Mercury -Coupe, bearing Motor No. 9CM183058, on which it holds a chattel mortgage dated November 26, 1949, securing an unpaid -balance of $1,409 with 8% interest from March 26, 1950; it acquired its mortgage for a valuable consideration from Harold J. Cook, “a resident of Lansing, Michig'an and that a chattel mortgage was given to secure the purchase price”; because of the failure of Cook to pay the installment due March 26,. 1950, the entire unpaid balance became due under the terms of the mortgage; -the automobile was removed from the State of' Michigan and transported to the City of New Orleans without the knowledge and. consent of plaintiff; the chattel mortgage of plaintiff was executed, filed and recorded, in conformity with the Michigan law,, where both the vendor and vendee resided; and that under the laws of that-State a chattel mortgage on property subsequently removed from the State where- *221 the mortgage was recorded is effective against third persons, notwithstanding the fact that it was not recorded in the State to which it was removed, Louisiana.
Plaintiff alleges that it fears the defendant herein, who has possession of the automobile, may remove, part with or dispose of it and consequently requests that a writ of sequestration issue. That the automobile 'be seized and sold and the proceeds thereof be applied to the satisfaction of plaintiff’s chattel mortgage. The automobile was seized and, on the following day, the sequestration was bonded by defendant.
Defendant filed exceptions of no right or cause of action levelled at the original and supplemental petitions based on the fact that plaintiff alleged “that the said automobile when new was purchased in Lansing, Michigan, by one Harold J. Cook, a resident of Lansing, Michigan, and that a chattel mortgage was given to secure the purchase price” when, in fact, an investigation by defendant revealed that the chattel mortgage had not been recorded in Ingham County, Lansing, Michigan, but in Gratiot County, Elm Hall, Michigan. These exceptions were overruled. Defendant then answered averring that Wilmer J. Boudreaux had purchased the automobile from the Milam Motors, a used car dealer located in the City of New Orleans, in good faith and without knowledge of any lien resulting from a chattel mortgage in favor of any one, which fact is conceded by the plaintiff.
From a judgment in favor of plaintiff recognizing the validity of its Michigan mortgage and ordering the seized automobile sold and the proceeds applied to the payment of plaintiff’s claim, defendant has prosecuted this appeal.
Defendant has reurged the exceptions of no right or cause of action here and, in furtherance thereof, insists that the writ of “sequestration is stricti juris” and was wrongfully issued by the court, a qua, because the revelation of facts in plaintiff’s petition, which we have related herein-above, did not literally support the issuance of the writ. The record discloses that plaintiff attached to its original petition the sale and chattel mortgage which reflected that the recordation of the chattel mortgage occurred in Gratiot County, Elm Hall, Michigan.
The jurisprudence is clear that documents, records and exhibits annexed to and made part of a petition control the allegations thereof founded thereon. In re Nunez, 203 La. 847, 14 So.2d 680; Burtrum Bros. Motor Co. v. Dryden, La.App., 38 So.2d 88; General Contract Purchase Corporation v. Doyle, La.App., 56 So.2d 432.
We are, therefore, of the opinion that the judge, a quo, was correct in overruling the exceptions of no right or cause of action.
On the merits, defendant maintains that he is an innocent purchaser in good faith, who had paid full value for the automobile which had been purchased in the open market in the regular course of business from Milam Motors, a licensed used car dealer located in the City of New Orleans, and that he had “no connection whatsoever with the alleged malefactor, Harold J. Cook”, therefore, a chattel mortgage covering an automobile, which was executed and recorded in Michigan cannot be given effect in Louisiana to the prejudice of an innocent purchaser acquiring title thereto, where the mortgage was not recorded in this State.
’The record establishes the fact that the automobile was removed from the State of Michigan without the knowledge or consent of the holder of the chattel mortgage.
This court, in the year of 1939, in a case involving identical equities, entertained the views advocated by the defendant and so expressed itself in General Motors Acceptance Corp. v. Nuss, General Finance Corp., intervenor, La.App., 192 So. 248, in which case one member of this court dissented. However, the Supreme Court in reviewing that judgment reversed the majority opinion of this Court and reiterated the conclusions of the dissenting opinion, holding that:
“A valid chattel mortgage, recorded in the State where executed and there conveying constructive notice, continues to have the same effect when the *222 mortgaged property is removed to another state. * * *
«⅜ * * ⅛ violates no public policy of the state to enforce, as against those included within the protection of the local statute, a mortgage executed upon the property in another state prior to its surreptitious removal therefrom, even though the mortgage is not recorded in the state to which the property is removed and where the subsequent transactions occur.” 195 La. 209, 196 So. 323, 324.
The foregoing rule is more concisely stated in 14 C.J.S., Chattel Mortgages, § 15, P. 607, as follows:
“The weight of authority is to. the effect that a mortgage, properly executed and recorded according to the law of the state where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless the transaction contravenes the statute of settled law or policy of the forum”.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.