247 So.2d 175 (1971)
INVEST, INCORPORATED
v.
STATE of Louisiana.
No. 8298.
Court of Appeal of Louisiana, First Circuit.
April 19, 1971.
Richard L. Edrington, Norco, for appellant.
Marion Weimer, James Piper and James McGraw, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
Plaintiff, as Lessor, pursuant to assignment of a lease of an office building to be constructed, appeals the judgment of the trial court dismissing its demands against the Department of Employment Security, State of Louisiana (Department), Lessee, for damages for purported breach of the agreement pursuant to the Department's *176 exception of no right of action. Defendant's exception is predicated upon the reputed mutual cancellation of the lease conformable with an agreement between the Department and the original Lessor, John B. Levy. Plaintiff also appeals the lower court's refusal to grant a rehearing on the ground of newly discovered evidence. We reverse the judgment of the lower court and remand this matter for trial on the merits.
Appellant's petition alleges that in March, 1966, Levy and the Department entered into a lease encompassing an office building to be constructed in Lafayette, Louisiana, for a term of five years at a stipulated monthly rental of $1,993.33, with an option of renewal for five years and terminating June 30, 1976. It is further alleged that the lease in question was assigned by Levy to Lebro Corporation which concern assigned to plaintiff.
Plaintiff alleges that in reliance upon the lease, it acquired land, engaged an architect, and performed other acts. It is next alleged that subsequent to such actions on plaintiff's part, plaintiff was advised by the Department to take no further steps with regard to constructing the proposed building until further advised by the Department. Finally, it is alleged that in breach of the lease, the Department entered into a lease with another party for the office space involved. Appellant did not attach a copy of the lease or assignment to its petition.
The Department's exception concedes a lease was entered into on its behalf by F. C. Doyal, Jr., Administrator, Division of Employment Security, with Levy as alleged by plaintiff. The exception also asserts that approximately two weeks after the lease was signed, it was canceled with Levy's consent. Defendant maintains in effect that it had no knowledge that Levy acted on behalf of anyone other than himself or had assigned any rights under the canceled lease until June, 1969, when legislation was introduced in the state legislature to obtain permission for plaintiff to sue for an alleged breach of the contract.
Upon trial of the exception, defendant introduced the testimony of Doyal and Charles H. Denstorff, Director of Field Services, Department of Employment Security, to establish the alleged verbal cancellation between Levy and the Department. Over appellant's timely objection, verbal testimony of these witnesses was allowed on the ground that evidence is admissible in the trial of an exception of no right of action.
In essence Doyal and Denstorff testified that shortly after the lease was executed, pursuant to a conference with the Governor, Levy was notified by a telegram dated March 14, 1966 (introduced in evidence), to take no further steps in connection with the lease until further notice. It is shown that this action on the Department's part was prompted by the desire to explore the possibility of obtaining Federal funds for construction of the proposed office building. Following a trip to Dallas, Texas, made within a few days subsequent to March 14, 1966, Doyal contacted Levy by telephone early in the morning of March 21, 1966, and in the ensuing conversation, Levy agreed to cancel the lease. Later, in the morning of March 21, Levy came to Doyal's Baton Rouge office and again verbally agreed to cancel the lease because of his wish not to embarrass the Governor or Doyal.
The lease, introduced in evidence by the Department, shows that it was signed by Levy in his individual capacity. Both Doyal and Denstorff testified that at no time did Levy indicate that he was acting for anyone other than himself. They further testified that they had no knowledge of an assignment by Levy until plaintiff caused legislation to be introduced permitting plaintiff to institute suit on the contract.
The trial court found that the testimony offered by defendant established a cancellation of the lease sued upon whereupon the *177 burden shifted to plaintiff to contradict such testimony, which plaintiff failed to do.
We note that the Supreme Court held in In re Nunez, 1943, 203 La. 847, 14 So.2d 680, that on trial of an exception of "no right of action", all well pleaded allegations of plaintiff's petition must be regarded as true. See also, Jurisich v. Board of Levee Commissioners of Orleans Levee District, 1942, La.App., 8 So.2d 554.
We further observe that in Brooks v. Bass, La.App. 1938, 184 So. 222, it was held that in the trial of an exception of no right of action, the allegations of fact in plaintiff's petition must be taken as true in the absence of evidence to the contrary.
Beyond doubt, our jurisprudence holds that on trial of an exception of no right of action, evidence is admissible to show a lack of plaintiff's interest in the subject matter of the litigation or that plaintiff does not possess the right to assert the claim sued upon. Gibbons v. Kansas City Southern Ry. Co., La.App.1958, 100 So.2d 319; Vegas v. Cheramie, La.App. 1954, 69 So.2d 66; Clostio's Heirs v. Sinclair Refining Company, La.App. 1948, 36 So.2d 283; Lunkin v. Triangle Farms, La. App.1946, 24 So.2d 213; Fields v. McAdams, La.App.1943, 15 So.2d 246; Peavy Wilson Lumber Co. v. Cotton, La.App. 1939, 188 So. 426; Alsaya v. Johnson, La.App. 1938, 178 So. 518.
We find that our prime inquiry herein concerns the use, scope and purpose of the exceptions of no right and no cause of action.
The more recent decision of Bielkiewicz v. Rudisill, La.App., 201 So.2d 136, is authority for the proposition that upon trial of an exception of no right of action, evidence is admissible to support or contradict the objections raised by the exception. Rudisill, above, treats at length with the scope and purpose of the exception of no right of action. In this regard, we quote with approval the following therefrom:
"The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter's Comment (b) 5, LSA-CCP. art. 927; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 528-32 (1937); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17, 29-31 (1934). As these authorities note, evidence is admissible on the in limine trial of this exception in order to support or controvert any of the objections pleaded by it. See also LSA-CCP Art. 931.
However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants, in order to prove that he lacked interest or right to file the suit in question.
The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734. The exception may also be used to raise the plaintiff's want of interest because of his prior transfer of quitclaim to a third person of his right *178 to assert against the defendant the cause of action sued upon. Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753; Younger v. American Radiator and Standard Sanitary Corp., La.App. 3 Cir., 193 So.2d 798."
As stated in Rudisill, above, the primary purpose of the exception of no right of action deals with the question of whether the particular plaintiff, as a matter of law, comes within the general class of persons entitled to institute the action sued upon. In this instance, plaintiff alleges he is an assignee of the lease which defendant admittedly executed.
For purposes of defendant's exception of no right of action, plaintiff must be deemed as assignee until defendant produces some evidence to the contrary, Brooks v. Bass, above. Defendant has not denied plaintiff's claimed assignment; neither has defendant produced either Levy or Lebro Corporation to contradict the alleged assignment. It follows that for purposes of defendant's exception, plaintiff must be considered an assignee of the lease in question. Under the circumstances, we find no merit in defendant's contention that plaintiff was required to produce the alleged assignment upon trial of the exception. Plaintiff's uncontradicted allegations recite that plaintiff is assignee of the lease. This clearly places plaintiff within that category of parties having a right to assert a claim for alleged breach of the contract, namely, a lessor by assignment.
In essence defendant asserts that the lease is not enforceable by anyone whomsoever because it was mutually canceled. Stated otherwise, defendant is asserting a defense allegedly valid against the world. This, in our judgment, is tantamount to such special defenses as compromise and payment or extinguishment of the obligation in some other manner, which in effect are directed to the existence of a cause of action rather than to whether the law designates plaintiff as one entitled to sue under the circumstances or to whether one has an interest in subject litigation. Such defenses must be specially plead in answer and tried on the merits. LSA-C.C.P. art. 1005.
As noted in Rudisill, above, the Supreme Court held in Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589, that a compromise and quitclaim from plaintiff to defendant could not constitute the basis of an exception of no right of action to establish that plaintiff lacked interest in or the right to file the suit in question. We deem it safe to say that Wischer, above, supports the conclusion that cancellation could not be urged as the basis of an exception of no right of action in a suit brought under the lease by Levy. Present plaintiff stands in Levy's shoes and has the identical rights that Levy had, if plaintiff indeed has any rights at all.
We note that in Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753, the Supreme Court held that an exception of no right of action could be utilized to raise plaintiff's want of interest because of plaintiff's prior transfer and quitclaim to a third party of the right sued upon. In Adema, the attack was solely on the status of plaintiff, not on the cause of action per se, as in the case at hand. In the instant case, defendant maintains in effect that no one has an interest in the lease sued on because the contract was canceled and is therefore no longer enforceable by any person whomsoever.
We are of the view that an exception of no right of action may not be utilized to present a defense which challenges the existence of the demand sued upon. In our judgment, the exception filed by defendant herein is based on an alleged "extinguishment of the obligation". Such a defense is expressly required by LSA-C.C.P. art. 1005 to be plead by way of answer as an affirmative defense and tried on the merits.
The judgment of the trial court sustaining the exception of no right of action filed on behalf of the Department and dismissing appellant's action is reversed and set aside *179 and this matter remanded to the trial court for further proceedings consistent with the views herein expressed; the Department shall pay all costs for which it may be legally cast.
Reversed and remanded.