ON REHEARING
We granted a rehearing in this matter on June 9, 1976, and, on September 15, 1976, heard oral reargument following our review of the additional briefs filed by the parties prior to oral reargument.
We first turn our attention to a consideration of the exception of no' cause of action filed in behalf of Messrs. Fabacher at the same time that their application for rehearing was filed, noting that a similar exception was filed in the trial court proceedings.
The exception is overruled. It is untimely when considered in light of its actual intended utilization (see Invest Corp. v. State of Louisiana, La.App., 247 So.2d 175). It comes at too late a stage in this litigation when considered in light of the allegations contained in all of the pretrial pleadings, including those filed by the Fabachers, which constitute a judicial admission on their part that all five documents which are the subject matter of this litigation are, at least for the purposes of resolution of the controversies here existent, leases.[1]
*1163 Turning to the basic issue of the alleged liability of Messrs. Fabacher as sureties, we conclude that our original opinion is correct.
In addition to those observations and conclusions in bur original opinion, we note that the terms and conditions of the leases themselves provide validation of the suretyship agreements from the timely actions taken by Louisiana National Leasing Corporation to protect their interests. The Fabachers obligated themselves to pay the amounts due under the basic terms of the leases and also bound themselves to be likewise obligated for any extensions. Louisiana National ' Leasing Corporation did, in fact, timely institute the legal proceedings necessary to activate the surety-ship obligations of the Fabachers. While it is correct that the Fabachers were not served for a number of months following the original filing of the suit, we impute no calculated deception therefrom. Indeed, the record itself contains a sufficiently clear explanation of the time gap between original filing and properly accomplished service of process.
Even so, the problems created by the delay in service of process on the Fabach-ers could, in absence of contravening factors, form some equitable basis supportive of non-imposition of suretyship — onerous as it is. Yet, the record also convinces us of the existence of a relationship between Middleton and the Fabachers sufficient to discount able counsel’s earnest contention that they (the Fabachers) were totally in the dark about everything in connection with this case for the entire nine or ten month period between the filing of suit and the actual service of process. We refer to our original opinion for a more detailed discussion of this aspect of the litigation.
We do deem it helpful to clarify our original opinion of May 18, 1976, in the following particulars:
1. The judgment in favor of Louisiana National Leasing Corporation and against. Family Pools, Inc., J. Stanley Middleton, Jr., Sherard Fabacher and Peter Fabacher is a joint and in solido judgment which, nevertheless, must be reduced by the total of all payments (except “late charges”) paid to Louisiana National Leasing Corporation in satisfaction of any and all of the five “lease” agreements originally entered into between the parties.
2. The provisions of the various “lease” agreements with respect to the method to be used for the purpose of ultimately determining ownership of the “leased” equipment is not and shall not be changed in any way by this opinion but shall be determined by the provisions of those “lease” agreements, and no parties’ interests with respect to that ultimate determination shall, in any way, be either bolstered or thwarted by this opinion.
In all other respects, our opinion of May 18, 1976, shall have full force and effect.

ORIGINAL OPINION AMENDED AND, AS AMENDED, REINSTATED.

. We are loath to indulge in legal fictions. Nevertheless, the Fabachers not only seek to close the bam door after the horse has left, they knowingly participated in opening the door in the first place by executing all of the “leases” as “sureties” for the “lessee.”