377 So.2d 544 (1979)
Otis CLARK et al., Plaintiffs-Appellants,
v.
Wesley D. CLARK, Defendant-Appellee.
No. 7209.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*546 Young & Burson, M. Terrance Hoychick, Eunice, for plaintiffs-appellants.
Fusilier, Pucheu & Soileau, A. Gaynor Soileau, Ville Platte for defendant-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiffs in the instant case seek to evict the defendant-lessee from certain premises situated in the Parish of Evangeline, Louisiana, on the ground that his right of occupancy, as lessee, has terminated. Plaintiffs allegedly own undivided interests in the land involved as heirs of the late William D. Clark. In furtherance of their desire to evict the defendant-lessee, plaintiffs caused written notice to vacate, pursuant to the provisions of LSA-C.C.P. Article 4701, to be delivered to defendant on December 26, 1978. When defendant failed to comply with the notice to vacate, plaintiffs instituted this summary proceeding, pursuant to the provisions of LSA-C.C.P. Article 4731 et seq. Following institution of this proceeding, defendant filed an exception of no right and no cause of action. Before a hearing was had on this exception, plaintiffs, with leave of court first obtained, filed and amended motion for rule to show cause. Thereafter the exceptions were heard and the trial court, without assigning reasons, sustained the exceptions and dismissed plaintiffs' suit. Plaintiffs appeal. We reverse.
Although members of the bar quite often employ the practice of asserting an exception of no right of action and an exception of no cause of action in a single pleading, the exceptions bear no relation one to the other and are designed to raise issues totally different. The exception of no right of action raises the question as to whether the plaintiff has a legal interest in the subject matter of the litigation, i. e., whether the plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit. Evidence is admissible upon trial of this exception, restricted however to a determination as to whether plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589 (1956); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967).
On the other hand the function of the exception of no cause of action is to raise the general issue as to whether any remedy is afforded by law to the plaintiff under the allegations of the petition. In Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975) we summarized the function and principles regarding consideration of such exception as follows:

"The peremptory exception of no cause of action C.C.P. art. 927 (4) questions whether the law affords any remedy to the plaintiff under the allegations of his petition. No evidence may be introduced to support or controvert an objection that the petition fails to state a cause of action. C.C.P. art. 931. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970). The exception is triable solely on the face of the petition. All well pleaded facts in the petition and attached documents must be accepted as true and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does plaintiff have a cause of action. See Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La. 1975); Watkins v. Louisiana High School Athletic Ass'n, 301 So.2d 695 (La.App. 3rd Cir. 1974)."

With these principles in mind we have reviewed the record in the case and find that the trial court erred in dismissing plaintiffs' suit.[1]

*547 EXCEPTION OF NO RIGHT OF ACTION
One who pleads an exception of no right of action bears the burden of proving that the plaintiff is without interest in the cause sought to be asserted, Cattle Farms, Inc. v. Abercrombie, 146 So.2d 689 (La.App. 4th Cir. 1962), reversed on other grounds, 244 La. 969, 155 So.2d 426 (1963). Absent evidence to the contrary allegations of fact set forth in the pleadings must be taken as true on consideration of an exception of no right of action. In re Nunez, 203 La. 847, 14 So.2d 680 (1943); Brooks v. Bass, 184 So. 222 (La.App. 1938).
Plaintiffs in their motion, as amended, allege that as heirs of William D. Clark they are owners of undivided interests in the property occupied by defendant. They further allege that defendant's right of occupancy of the premises owned by them has ceased and in spite of written notice to vacate the premises, served on defendant pursuant to the provisions of LSA-C.C.P. Article 4701, he has failed to deliver the premises to them. Upon trial of the exception of no right of action defendant presented no evidence to controvert these allegations of fact.
An owner of immovable property, albeit an undivided interest owner, clearly has the right to invoke the provisions of LSA-C. C.P. Art. 4701 et seq. and 4731 et seq., and sue to evict a lessee, when the latter's right of occupancy has ceased.
The exception of no right of action filed by defendant is clearly without merit and should have been overruled.

EXCEPTION OF NO CAUSE OF ACTION
The facts set forth in plaintiffs' pleadings and attached documents, which must be accepted as true on consideration of the exception of no cause of action, are briefly and fairly summarized as follows:
(a) By written agreement dated August 24, 1969, William D. Clark, owner, leased the property in controversy to Wesley D. Clark, for a primary term beginning January 1, 1970 and ending December 31, 1972, the lessee being granted the option to renew such lease for lease periods of two years each following the primary term, provided lessee informed lessor, his heirs or assigns, in writing of his desire to renew thirty days prior to the expiration of any two year period, either in the primary term or option term, and provided further that the entire period of lease, including the primary term and the option term, shall not exceed twenty years.
(b) Subsequent to execution of the aforesaid lease agreement William D. Clark died and plaintiffs, as heirs of the decedent, acquired ownership interests in the subject land in indivision with the defendant and others.
(c) The predial lease referred to above expired on December 31, 1971 when the defendant failed to exercise his option to renew such lease by serving written notice on the lessor, heirs or assigns, of his intention to renew as required by the lease.
(d) Upon expiration of the written lease agreement defendant continued to possess the subject property however, on December 27, 1978, plaintiffs caused written notice to be served on defendant that his right as lessee on the subject property had ceased and he should deliver up the premises, allowing him five days to do so reckoning from December 31, 1978.[2]
(e) Defendant has refused to vacate the leased premises.
*548 Pertinent articles of our Code of Civil Procedure provide as follows:
LSA-C.C.P. Article 4701 provides:
"When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term."
LSA-C.C.P. Article 4731 provides:
"If the lessee or occupant fails to comply with the notice required to vacate required under this Title, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner."
LSA-C.C.P. Article 4732 provides:
"The court shall make the rule returnable not earlier than the third day after service thereof, at which time the court shall try the rule and hear any defense which is made.
If the court finds the lessor or owner entitled to the relief sought, or if the lessee or occupant fails to answer or to appear at the trial, the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner."
When the above recited facts are considered in pari materia and in light of the provisions of the cited articles, a cause of action for eviction of defendant, as lessee of the subject land, is clearly stated.[3]
Appellee urges, in brief to the court, that plaintiffs may not employ the summary eviction procedure provided for in the cited articles until the lease has been judicially declared terminated in an ordinary proceeding. He thus argues that plaintiffs' pleadings state no cause of action. In our view an exception of no cause of action is not the proper procedural vehicle for trial of this issue.[4] Aside from this, we discern no merit in appellee's contention. Our law specifically provides for summary eviction of a lessee upon proof that the lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, or for any other reason. The issue as to the termination or continued existence of the lease is triable in such summary proceeding. See Exchange Oil & Gas Corporation v. Guillot, 251 So.2d 479 (La.App. 1st Cir. 1971), writ refused; Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970); Murphy Oil Corporation v. Gonzales, 316 So.2d 175 (La.App. 4th Cir. 1975), writ refused.
For the foregoing reasons we reverse the judgment of the district court and now order, adjudge and decree that the exceptions of no right and no cause of action filed by the defendant be and the same are hereby *549 overruled. This matter is remanded to the district court for further proceedings in accordance with law and consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Since the trial court has not favored this court with written reasons we do not know whether he intended to sustain both exceptions or if not, which of the two he sustained. In any event, we observe that the formal judgment indicates that both exceptions were sustained. Tr. pg. 31A.
[2] Plaintiffs' pleadings also allege that upon expiration of the written lease agreement the fact of defendant's continued possession caused the lease to be reconducted on the same terms for additional periods of one year with the right of plaintiffs to terminate any such reconducted lease by proper notice given within one month of the end of each year. These are conclusions of the pleader rather than factual allegations and need not be accepted as true on consideration of the exception. We express no opinion regarding correctness or incorrectness of this conclusion.
[3] We observe from the pleadings that defendant is also a co-owner of the subject property. His right to possession of the subject land as a co-owner is not at issue in this proceeding only his right to occupancy of the entirety thereof as lessee.
[4] The exception of no cause of action questions whether the law affords any remedy to the plaintiff under the allegations of his pleadings. It should not be employed to question whether the procedure followed for enforcement of the remedy is proper. The proper procedural vehicle for trying the issue raised in appellee's brief would be an objection to the proceeding based upon the unauthorized use of summary process. LSA-C.C.P. Article 926. Although the record reflects that defendant did file the dilatory exception of unauthorized use of summary proceedings, it was filed subsequent to the hearing in this matter and has never been passed upon by the trial court.