DOMENGEAUX, Judge.
Plaintiff, Farmers Dusting Company, Inc., brought this suit to enforce a laborers and materialman’s lien and privilege on crops and for judgment on open account in the amount of $26,000.00 against defendants, Sidney Gibbs and Parker Gibbs, individually, and doing business as Gibbs Farms, a Louisiana farming operation.
Parker Gibbs filed an exception of no right of action which was maintained by the trial judge, on the grounds that Parker was an employee and not a partner with Sidney Gibbs in Gibbs Farms. It is this judgment that the plaintiff has appealed.
The record shows that in 1977 the defendant, Sidney Gibbs, was in dire financial straits, and he asked his son, Parker, to stay on the farm until they could get it back on its feet. Sidney paid Parker a salary of approximately $750.00 a month, furnished him with living quarters, a pickup truck and an automobile, and paid Parker’s gasoline and phone bills. The record also shows that Sidney Gibbs retained total control of the farming operation and was obligated to pay all losses the farm might suffer. Sidney Gibbs also owned all of the farm equipment and the pickup truck and automobile used by Parker. Management decisions regarding the operation of the farm were made by Sidney Gibbs. No partnership income tax returns were ever filed by Sidney and Parker Gibbs. The testimony of both men reveals that neither of them ever intended to form a partnership or joint venture.
La.C.C.P. Article 927(5) lists the objection of no right of action, or no interest in the plaintiff to institute the suit, as one which may be raised through the peremptory exception. In reference to this, the Court in Invest, Inc. v. State of Louisiana, 247 So.2d 175 (La.App. 1st Cir.1971), commented:
“The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted.”
We are of the opinion that the trial court erred in maintaining Parker Gibbs’ exception of no right of action. Although there appears to be ample support in the record for the trial judge’s conclusion that *1284 Sidney and Parker Gibbs were not partners, we find the record devoid of evidence indicating that the plaintiff lacked a legal interest in the subject matter of the litigation. Actually, the evidence that was presented dealing with the existence or non-existence of a partnership between Sidney and Parker Gibbs should not have been admissible in the hearing on the exception of no right of action under the rule established in Invest, Inc., supra. Clearly, Farmers Dusting Company was a member of the general class having a legal interest to sue upon the cause of action asserted and its suit against Parker Gibbs was improperly dismissed.
The exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the suit. West v. City of Ville Platte, 237 So.2d 730 (La.App. 3rd Cir.1970); Invest, Inc., supra. The non-existence of a partnership between Sidney and Parker Gibbs simply constituted a defense to the plaintiff’s action. Such defense should have been pled by Parker Gibbs by way of an answer and tried on the merits.
For the above and foregoing reasons, it is Ordered, Adjudged, and Decreed that the judgment of the trial court maintaining the peremptory exception of no right of action filed by Parker Gibbs against Farmers Dusting Company, Inc., be and the same is hereby reversed.
It is further Ordered that this case be remanded to the trial court for proceedings not inconsistent with this opinion.
All costs at the hearing of the exception of no right of action and on appeal are assessed against Parker Gibbs.
REVERSED AND REMANDED.