GEORGE JANVIER, Judge pro tern.
We granted certiorari believing that we sensed the possibility of error on the part of the District Judge in authorizing the presentation of evidence on the trial of an exception and in refusing to order the issuance of a subpoena which would require one of the defendants, James S. Abercrombie, to appear and testify at that trial.
The suit was designated by plaintiffs in their original petition and in their application for the writ of certiorari as “an action to quiet title; that is to say, an action to remove clouds and encumbrances from plaintiffs’ title to real estate situated in Plaquemines Parish, Louisiana, and in the alternative to try title to the said property under Louisiana Revised Statutes 13 :5062, et seq., and in the further alternative for a declaratory judgment under Louisiana Revised Statutes 13:4231, et seq.”
The claim of plaintiffs is based upon an alleged record title and is not claimed to result from prescription. In fact, they themselves allege that they are not in actual possession of the property. To this petition the defendants filed lengthy exceptions, among them an exception which they maintain is one of no right of action but which plaintiffs maintain is an exception of no cause of action.
The principal contention of plaintiffs in their application for the writ is that, on the trial of an exception of no cause of action, no evidence may be introduced. This, of course, is conceded by defendants, who maintain that this is an exception of no right of action, and that because of Articles 927 and 931 of our LSA-Code of Civil Procedure, in the trial of this particular type of exception of no right of action, evidence may be introduced.
Article 927 provides that among the obj ections which may be raised through the peremptory exception is the exception of “no right of action, or no interest in the plaintiff to institute suit.” Article 931 of the Code provides that:
“On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.”
Therefore, if the exception in question is in truth directed at the “right” of plaintiffs and if the grounds or facts on which the exception is based do not appear in the petition, “evidence may be introduced. sji * ifs >>
The claim of the plaintiffs is based on their contention that they have title to the property in that while they and the defendants acquired from a common ancestor and although the title of the defendants, if any, antedated the title of plaintiffs, the title of defendants was acquired by such a general description that third parties acquiring the same property at a later date were not put on notice by that description that the property is the same, and that, therefore, as third persons purchasing in good faith, they may now assert their claim to title.
The exception is directed at this alleged right as third parties. It raises the question not of the possible existence of a cause but of the right of plaintiffs to assert that cause.
The exception is lengthy, and to some extent confusing, but carefully studied it clearly challenges the existence of the right in plaintiffs.
Our interpretation of the exception convinces us that it presents the same question *691 which confronts the Supreme Court in Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753, and in which the Supreme Court said that that particular type of exception of no right of action might be tried in advance of the trial of a case on the merits, saying that “if the plaintiff corporation is not the owner of the land, it has no standing in court to attack the title of defendants.”
The other contention of plaintiffs is that if there is to be a trial of the exception of no right of action, they should have the right to have defendant, Abercrombie, subpoenaed and forced to testify in person at that trial.
 Abercrombie is not a resident of the State of Louisiana nor is he employed in this State. At any rate, there is nothing in the petition of plaintiffs to so indicate, and the burden would be on them to show that he may be called and we think that in order to show this, it must appear that he is employed here or resides here.
The question of the calling of an adverse party as a witness has been very interestingly developed. In Smalley v. Brown, 156 La. 669, 101 So. 16, the Supreme Court quoted in full the opinion of the District Judge who had refused to order the appearance of a witness, basing his reasons primarily on the fact that the law at that time in effect, Act 126 of 1908, obviously could not have meant that an adverse party, no matter where he might reside, might be forced to attend and testify in person at the trial. The Court based this on the view that the act did not so require and that if it required such attendance, it would produce an absurd result in that a party whose interest might be merely nominal might be forced, at tremendous expense of travel, hotel, meals, etc., to attend a trial far away from his home.
The Supreme Court, in Watson v. Harvey, 205 La. 813, 18 So.2d 305, discussed the question, and it is probably the opinion which was rendered in this case which is relied upon by the plaintiffs in their contention that Abercrombie may be forced to attend. Originally, after it was enacted that an adverse party might be called, it was provided that that party might be called only if residing within the parish of the courthouse at which the trial was to be held. Later, by Act 115 of 1934, it was provided that such an adverse party might be called, provided he lived not more than 100 miles from the point at which the trial would be held,.even though not within the Parish. The Supreme Court in the Watson case, therefore, held that the adverse party might be called, although he did not reside in the parish, if he did reside within 100 miles of the Court. The Court said that the parties might be called “since neither of them resides more than 100 miles therefrom, although they do reside in another parish.”
We do not find that it has ever been held that an adverse party, who resides in another State, may be called to testify.
Since then our Code of Civil Procedure has been adopted and plaintiffs apparently feel that, as a result of the adoption of Article 1634 of that Code, an adverse party may be called regardless of his residence or place of employment. The first sentence of that article reads as follows: “Any party or his representative may be called as a witness and cross examined by an adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony.”
We find nothing in this article which has changed the law and which would make it possible to summon an adverse party regardless of his place of residence or of employment. In fact, in West’s LSA Civil Procedure immediately following Article 1634 are the official revision comments, and among them we note the following: “(a) This article makes no change in the law.”
For the reasons assigned, the writs issued herein are recalled and the application of the relators is denied, at their cost.
Writs recalled; application denied.