155 So.2d 426

**CATTLE FARMS, INC., et al.**

v.

**James S. ABERCROMBIE et al.**

No. 46537.

June 28, 1963.

Louis C. Guidry, Taylor Caffery, Andrew S. Zengel, Arthur C. Reuter, New Orleans, for plaintiffs-applicants.

Phelps, Dunbar, Marks, Claverie & Sims, J. Barnwell Phelps, Hermann J. Schulze, Henican, James & Cleveland, C. Ellis Henican, Chaffe, McCall, Phillips, Burke, Toler & Hopkins, James S. Hopkins, Harold R. Ainsworth, Doyle, Smith & Doyle, Donald W. Doyle, New Orleans, Joseph W. Moore, Fouts, Moore, Williams & Caldwell, Houston, Tex., for defendants.

HAMITER, Justice.

Plaintiffs herein, twenty-seven in number, alleged in their petition that they have a valid record title (it was deraigned with particularity) covering certain described lands located in Plaquemines Parish to which the twenty-four named defendants are making claims. Especially, they set forth several chains whereunder the defendants assert ownership.

Mainly, plaintiffs demanded that the various inscriptions relied on by the defendants be decreed "to be absolutely null and void and of no effect whatsoever, insofar as they affect the property hereinabove described", and that the Clerk of Court of Plaquemines Parish be ordered to cancel and erase them from the records of his office.

Alternatively, plaintiffs prayed to be adjudged the owners of the property, allegedly in the possession of neither them nor the defendants, as in an action to establish title under LRS 13:5062 (the suit was instituted in 1959 and prior to the effective date of the Louisiana Code of Civil Procedure). Further, in the alternative, they asked for a declaratory judgment defining the rights of the parties in accordance with the provisions of LRS 13:4231.

To the petition the defendants tendered exceptions of no cause and no right of action. The exception of no cause of action was considered by the district judge in connection with plaintiffs' allegations, and it was overruled.

The exception of no right of action contained the following pertinent averments: "Plaintiffs' petition, and the instruments of title incorporated therein by reference which have now been filed in this pleading in response to defendants' prayer for oyer and the order of this court issued pursuant thereto, disclose no right of action for the following reasons:

"(a) Rectangle Ranche Company is the common ancestor in title of plaintiffs and defendants.

"(b) Rectangle Ranche Company conveyed the property here in litigation to one Emile J. Rose, the defendants' ancestor in title, by a description adequate to transfer title as between the parties to said transaction and adequate to put third parties on notice of such conveyance, and never reacquired title to said property.

"(c) Said conveyance by Rectangle Ranche to Emile J. Rose was executed and recorded prior to the attempted conveyance of the property in litigation by that company on which plaintiffs based their claims of title.

"(d) Even were it conceded for the purposes of argument that the description by which Rectangle Ranche Company transferred the property in litigation to Emile J. Rose was not adequate to constitute notice to third persons, which is expressly de-

nied, not one of the plaintiffs is such a third party to that transaction as would be permitted to rely on the third party doctrine for the following reasons: * * *."

The district judge, over the objection of plaintiffs, announced and ruled that he would hear evidence on the exception of no right of action. Whereupon, pursuant to an application of plaintiffs, supervisory writs were issued by the Fourth Circuit Court of Appeal. But following a hearing in that court such writs were recalled. See 146 So.2d 689.

Subsequently, plaintiffs applied to this court for, and we granted, the writ of certiorari or review, 243 La. 1013, 149 So.2d 766.

■ Plaintiffs concede that ordinarily under an exception of no right of action evidence may be taken for the purpose of the court's passing upon an alleged lack or want of interest in the subject matter of a suit on the part of those initiating the litigation. But they urge that the so-called exception of no right of action filed herein by the defendants questions solely the validity of plaintiffs' deraigned record title to the property involved and, hence, the issues raised thereby can be considered and decided only on a trial of the merits of the case.

On the other hand the defendants, in their brief to this court, argue: "* * * Plaintiffs and defendants both claim title to the subject property from a common author in title. Defendants' acquisition from this common author ante-dates that of the plaintiffs.

"Recognizing this fact and in order to avoid the consequences thereof, the plaintiffs claim that defendants' acquisition of this property was by a general or omnibus description which would not be binding on third parties purchasing in good faith on the face of the public records. Plaintiffs claim in Paragraph 92 of the petition such a third party status for themselves. If plaintiffs are not third parties, these plaintiffs have no right to maintain this action. Defendants' exception specifically relates to the person of the plaintiffs; it shows that these plaintiffs are without interest in the subject matter of the suit and are, therefore, without right to prosecute same."

Initially, we notice that the Court of Appeal, in resolving the instant dispute, cited and relied exclusively on Ritsch Alluvial Land Company et al. v. Adema et al., 211 La. 675, 30 So.2d 753. However, our decision in that case is not controlling here. Therein, the Ritsch Alluvial Land Company brought suit to annul a tax sale under which the defendants claimed title. The latter answered. But subsequently, on discovering that some three and one-half months prior to the institution of the suit the plaintiff had sold all of its rights in and to the property involved to another corporation, the defendants filed an exception of want of interest

or of no right of action on the part of such plaintiff. In sustaining that exception this court (as well as the district judge) properly held that since plaintiff had divested itself of whatever title it once possessed (the divestiture was by and through a quit claim deed produced pursuant to a writ of subpoena duces tecum and introduced in evidence) it was without any interest in the subject matter of the suit thereafter instituted. We did not, in passing upon such exception, determine the validity of the title asserted by plaintiff and on which it based its cause of action. Therefore, the decision is of no relevancy here, these defendants not having even suggested that plaintiffs have divested themselves of the title which they seek to vindicate.

In Outdoor Electric Advertising, Inc. v. Saurage, 207 La. 344, 21 So.2d 375, we discussed the exception of no right of action, observing (among other things) that: " * * * An exception of that kind is in the nature of, perhaps the same as, the exception to the want of interest in the plaintiff to maintain the suit. Its basis, as is shown by many cases in which it has been considered, is Article 15 of the Code of Practice which recites: 'An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.' * * *" Again, in

Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206, we said that the exception of no right of action " * * * raises only the question of whether or not the plaintiff has any interest in enforcing judicially the right asserted by him. * *" (See also Termini et al. v. McCormick, 208 La. 221, 23 So.2d 52.)

█ Furthermore, on at least three occasions this court has voiced the opinion that when the validity of a plaintiff's title forms the basis of an action an attack thereon (such as these defendants are attempting under their exception) addresses itself to the merits of the case and can be made only through an answer.

Thus, in White v. Lockhart, 229 La. 611, 986 So.2d 397, plaintiff sued to recover the value of timber cut and removed by defendant from certain lands. Alleging that he was the owner of the property by virtue of a sale to him, the defendant called his vendor in warranty. The warrantor filed an exception of no cause or right of action contending therein that plaintiff did not own the timber. In overruling the exception we said: " * * * Warrantor's attempt to raise the issue of title by way of exception of no cause or right of action is unwarranted by law. Such exception must be disposed of on the face of the petition. The question of title is one which must be resolved in a hearing on the merits. These principles are so well recognized

in our law that citation of authorities would be burdensome."

Wischer et al. v. Madison Realty Company, Inc. et al., 231 La. 704, 92 So.2d 589, was a petitory action in which the defendants, under an exception of no right of action, offered in evidence the records of prior law suits involving the same parties to establish that the plaintiffs were without interest in the subject matter of the suit. Concerning the propriety of considering the issue raised by way of the exception we stated: "In the instant case plaintiffs have alleged facts in their petition which unquestionably meet the requirements of our Pleading and Practice Act and which afford them the right of proving, if they can, a title based upon 30 years' prescription, irrespective of declarations and facts contained in the three lawsuits filed in evidence which may or may not defeat their alleged prescriptive title. Their right to institute this petitory action, under the facts alleged in their petition, cannot be defeated by way of an exception of no right of action. A hearing on the merits is essential to determine the question of title, whereby the plaintiffs must stand or fall on proof of their own title and not upon the weakness of their adversary. Under the given circumstances of this case the exception of no right of action or lack of interest cannot be employed as a vehicle to adjudicate title to realty.

"The question of title to realty, when a cause of action on the face of the pleadings is legally stated, as is true in this instance, is one which must be resolved in a hearing, after issue is joined, on the merits of the controversy. State v. Jefferson Island Salt Mining Co., 183 La. 304, 163 So. 145; White v. Lockhart, 229 La. 611, 86 So.2d 397."

The cited Jefferson Island Salt Mining Company case was a trespass action wherein, with reference to an exception of no right of action, it was said: "The denial in the exception of the state's title and the setting up in defendant of rights as a riparian proprietor are matters that relate to the merits of the case, and must be placed in an answer."

In the instant matter these plaintiffs alleged that they hold a record title to the property in dispute and that it is not described in or covered by the instruments under which the defendants claim. Alternatively, they averred that if intended to be covered by such instruments the property's description is not set forth therein with such particularity as would constitute notice to them as third parties purchasing on the faith of the public records. Clearly, therefore, plaintiffs have by their petition shown a direct, substantial and pecuniary interest in the title to the lands which they seek to vindicate, and they are entitled to have its validity determined on a trial of the merits of the cause.

In their briefs to this court defense counsel state: "* * * Title to the subject property is the sole question involved. A determination of this issue will fully adjudicate the matter." This being so, and since defendants do not deny (in fact, they admit) that plaintiffs hold a title of some kind, the issue raised by the exception of whether or not plaintiffs are third parties who can rely on the registry laws has no relevancy regarding their right to seek to have such title vindicated (we express no opinion as to that issue's pertinency in adjudicating on the validity of the title after a trial of the merits).

We find nothing in Waterhouse v. Star Land Company, Limited, et al., 139 La. 177, 71 So. 358, relied on by defendants, that conflicts with the conclusions reached herein. In that case the plaintiff sued as a stockholder of the defendant corporation, alleging that the fraudulent and illegal actions of the corporate officers were jeopardizing the rights of the minority stockholders. The prayer was that the officers be removed and that a receiver be appointed. The defendants filed exceptions (apparently without denominating them), which challenged plaintiff's ownership of stock in the company, and they then answered. Over plaintiff's objection the district judge ruled that he would hear evidence on the exceptions and that if he concluded therefrom that plaintiff had an interest in the corporation he would try the case. Later, he found as a fact that plaintiff had no interest whatever and, hence, he sustained the exceptions. On an appeal this court properly approved the ruling with this observation: "The bill is without merit. If plaintiff had no pecuniary interest in the defendant company, it would have been idle on the part of the court to have heard testimony on the merits of the cause."

Our conclusion is, consequently, that the exception of no right of action under consideration should have been overruled. Therein, as aforeshown, the exceptors averred that "Rectangle Ranche Company is the common ancestor in title of plaintiffs and defendants." And since these plaintiffs admittedly hold some kind of title to the property involved unquestionably they possess the right to have its validity determined on a trial of the merits held contradictorily with the defendants, who also claim ownership, at least in accordance with the provisions of LRS 13:5062 (Act 38 of 1908)—a determination that was specifically sought under their first alternative demand.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside, the exception of no right of action is overruled, and the cause is remanded to the district court to be proceeded with in

accordance with law and in keeping with the views herein expressed. All costs incurred in connection with the exception of no right of action shall be paid by the defendants. Other costs are to await the final determination of the litigation.