399 So.2d 1260 (1981)
The BANK OF NEW ORLEANS AND TRUST COMPANY,
v.
REED PRINTING & CUSTOM GRAPHICS, LTD., et al.
No. 11774.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Robert T. Wakefield, Newman & Drolla, New Orleans, for Bank of New Orleans & Trust Co., plaintiff-appellee.
Floyd J. Reed, Trial Atty., Reed & Reed, New Orleans, for Bryan J. Reed, defendant-appellant.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding to the plaintiff the balance due on a loan made by the plaintiff to the defendant.
The facts before us indicate that the plaintiff, The Bank of New Orleans and Trust Co. (hereinafter referred to as BNO) entered into an installment loan agreement with Reed Printing and Custom Graphics *1261 Ltd. (hereinafter referred to as RPCG) on November 26, 1977 wherein the former agreed to lend $8,000 to the latter at the rate of 10% interest. In connection with this loan RPCG gave BNO a negotiable promissory note for the amount of the principal and the interest. This note was endorsed individually by the other defendant in this matter namely Byron J. Reed. RPCG became delinquent in its installment payments in October and November of 1978. Pursuant to the terms of the loan agreement, BNO filed suit against both RPCG and Reed seeking the remaining balance on the loan. Upon trial of this matter the lower court entered judgment in favor of BNO in the sum of $6,814.88 plus interest and attorney's fees. RPCG was found liable for the principal sum, the interest and the attorney's fees and Reed was held liable in solido for the principal sum only.
On appeal there are two basic issues presented for our consideration. The first one concerns the contention by the defendants that the trial court committed error in failing to require the plaintiff to fully comply with the defendant's subpoena duces tecum request. The other one concerns the argument that the lower court improperly applied the Louisiana law of usury.
Regarding the first issue LSA-C.C.P. Art. 1354 permits the trial court to vacate or modify a subpoena duces tecum request if it is unreasonable or oppressive. This article states in pertinent part:
"A subpoena may order a person to appear and/or produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive."
The Louisiana jurisprudence in interpreting this statute has indicated that a subpoena duces tecum request is limited to information that is relevant or necessary to the case before the court. In Re Kohn, 357 So.2d 279, (La.App. 4th Cir. 1979); Keiffe v. La Salle Realty Co., 112 So. 799, 163 La. 824 (1927).
Prior to trial the defendants issued to BNO a subpoena duces tecum requesting not just the records in connection with the loan transaction at issue but also records of any and all transactions entered into between the two parties. This subpoena provided as follows:
"1. Records of any and all loans, renewals of loans, and re-financing of loans had by Bank of New Orleans & Trust Company with Bryan J. Reed and Reed Printing and Custom Graphics, Ltd. from 1974 through the current date.
"2. Records of all payments made by or on behalf of Bryan J. Reed and Reed Printing and Custom Graphics, Ltd. to Bank of New Orleans & Trust Company showing apportionment of payments to principal, interest, late charges and the amounts and dates thereof from 1974 through the current date."
At trial a representative of BNO merely produced all of the records and documents compiled with respect to the transaction before the court. The defendants asked the lower court for a continuance to permit BNO to comply with the remainder of the request. They argued that the other records were necessary in order to present their defenses of prematurity, failure to give proper credits, and usury. In response to this contention the trial court denied the motion for a continuance and indicated that the other records requested had no bearing and were not necessary for the disposition of this case as they had no relationship to the transaction involved here.
Upon a review of the record before us we find that the trial court did not abuse its discretion. The records presented by the BNO were all that were necessary and relevant to consider the defenses of prematurity, failure to give proper credits, and usury raised by the defendants. Accordingly, we affirm the decision of the trial court which precluded the plaintiff from having to comply with the remainder of the defendant's subpoena duces tecum.
*1262 Regarding the second issue, Louisiana Civil Code Article 2924 provides that usury may be used as a defense to a suit on a promissory note. However, other Louisiana statutes place a limit on the parties who may use this defense. LSA R.S. 12:703 indicates that corporations as well as endorsers of corporate debts may not raise usury as a defense. This statute provides in pertinent part:
"Notwithstanding any other provisions of the law of this state to the contrary, any debtor that is a domestic corporation, a foreign corporation, a partnership in commendam formed pursuant to the laws of this state, a foreign limited partnership, or a partnership all of the partners of which are either corporations, foreign limited partnerships, partnerships in commendam or partnerships comprised of corporations, foreign limited partnerships or partnerships in commendam, may agree to pay interest in excess of the maximum rate of conventional interest authorized by the laws of this state, whether in connection with unsecured or secured indebtedness and whether the secured indebtedness is secured, in whole or in part, directly or indirectly, by a real estate mortgage or chattel mortgage on property in this state or is otherwise secured, and as to any such agreement such debtor corporation or partnership shall be prohibited from asserting a claim or defense of usury or of the taking of interest in excess of the maximum rate of conventional interest, and any person, partnership or corporation whatsoever signing as co-maker, guarantor or endorser for such debtor corporation or partnership shall also be prohibited from asserting any such claim or defense."
With respect to the case before us, we find that the two defendants fall within the class of individuals who may not use usury as a defense. RPCG is a corporation and Reed is an endorser of RPCG's debt, thereby bringing them within the terms of LSA R.S. 12:703. The trial court properly refused to apply the defense of usury to the corporation, but apparently did apply the defense to the individual endorser limiting his liability to the principal sum. While this was not consistent with R.S. 12:703, plaintiff did not appeal from the judgment.
For the foregoing reasons, we order that the judgment of the trial court be affirmed.
AFFIRMED.