MARVIN, Judge.
Ms. Jacqueline Robinson Briscoe, of Tar-rant County, Texas, appeals a 1984 judgment of the Caddo Parish, Louisiana, district court which made executory a 1982 money judgment rendered against her by a San Antonio, Texas, district court. La. CCP Art. 2541. Art. IV, § 1, U.S. Consta. 28 U.S.C.A. § 1738.
The Caddo Parish district court initially exercised its jurisdiction by writs of attachment against mineral properties that Ms. Briscoe owned in Caddo and three neighboring Louisiana parishes. These attachments were maintained by the judgment.
Ms. Briscoe contends that the Texas judgment, signed July 5, 1982, in favor of Transworld Corporation was a litigious right under Louisiana law when it was acquired from Transworld by the substituted plaintiffs in this action. See La. CCP *102 Art. 694. Substituted plaintiffs are the former shareholders of Transworld who assigned the judgment to themselves when they sold Transworld to another corporation (Multivest) on November 5, 1982. Ms. Briscoe argues that a foreign judgment which is otherwise entitled to full faith and credit should not be enforced in Louisiana when enforcement would be against Louisiana public policy pertaining to the transfer of a litigious right. La. CC Arts. 2652-2654.
In an additional assignment, Ms. Briscoe contends that the trial court should not have quashed her subpoena of the four shareholders. La. CCP Arts. 694, 1352, 1355, 1634. We affirm.
TRANSWORLD’S ASSIGNMENT OF THE JUDGMENT
The Transworld shareholders were negotiating to sell Transworld to Multivest after the Texas judgment against Ms. Briscoe became final and before the action was instituted to make the judgment executory in Louisiana.
Before its shares were sold to Multivest, Transworld hired Louisiana counsel to make the Texas judgment executory in Louisiana. On November 5, 1982, Trans-world assigned the judgment and some other property to its four shareholders, John F. McGuigan, E. Glenn Biggs, Jack Griggs, and Isidoro Korngold, all residents of Texas, before consummating the sale to Multi-vest. Transworld’s Louisiana counsel, coincidentally, filed the action for Transworld in Louisiana on November 5, 1982. -
About a year later and after Ms. Briscoe had answered the Louisiana action, S. Mark Murray, a Texas attorney who had been appointed by the four shareholders as their specially authorized agent to proceed with the action, was substituted as the party plaintiff in Louisiana. CCP Arts. 694, 805, 807.
In depositions taken by Ms. Briscoe’s Texas counsel, Murray and three of the shareholders-assignees testified that the judgment against Ms. Briscoe was not “included” in the “sale” of Transworld because Multivest did not want to acquire the judgment and that the assignees paid nothing for the assignment but simply “retained” the judgment and the other property assigned which they and Multivest deemed was “excluded” from the sale.
FULL FAITH AND CREDIT
Ms. Briscoe does not contest that the Texas court had subject matter and personal jurisdiction or that the Texas judgment was final in Texas when assigned by Transworld to its four shareholders. The trial court correctly held that judgment was entitled to full faith and credit in Louisiana. 28 U.S.C.A. § 1738. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). La. CCP Art. 2541.
LITIGIOUS RIGHT
When the sellers of all of the shares of a corporation reserve to themselves, and exclude from the corporate property being sold, a claim of the corporation that is then in litigation, no transfer of a litigious right has occurred. Independent Ice & Distilled-Water Mfg. Co. v. Anderson, 106 La. 55, 30 So. 270 (La.1901).
The sale of a foreign judgment which has become final is not a transfer of a litigious right under Louisiana law. Lackey v. Tiffin, 12 La.Ann. 53 (La.1857); McMicken v. Perin, 18 How. 507, 59 U.S. 507, 15 L.Ed. 504 (1855), quoting Marshall v. McCrea, 2 La.Ann. 79 (La.1847); Wood v. Zor, 154 So.2d 632 (La.App. 4th Cir. 1963). See also Louisiana authorities cited in Saucier v. Crichton, 147 F.2d 430 (5 C.A.1945); 13 Tul.L.R. 451 (1939).
A litigious right in Louisiana must be one which is legally contested. This record shows that Ms. Briscoe did not file in Texas (or in Louisiana for that matter) any pleading contesting the merits of the Texas action or the judgment until January 4, 1983, after the assignment of the judgment was executed on November 5, 1982. La. CC Art. 2653, Hawthorne v. Humble Oil & Refining Co., 210 So.2d 110 (La.App. 1st Cir.1968).
*103 ■ [4] In this posture, and holding that the assignment of the judgment was not the transfer of a litigious right, we do not reach Ms. Briscoe’s contention that we should recognize the public policy exception to enforcement of a foreign judgment that is otherwise entitled to full faith and credit. Compare Pacific Employers Ins. Co. v. Industrial Accident Com'n, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); Crichton v. Succession of Crichton, 232 So.2d 109 (La.App.2d Cir.1970), writ refused.
In summary, we hold that the trial court did not err in allowing enforcement of the judgment in Louisiana because that judgment was final in Texas and was not a litigious right under Louisiana law when it was assigned by Transworld to its shareholders.
QUASHING OF SUBPOENAS
In this assignment, Ms. Briscoe contends that the non-resident assignees were the real parties in interest and that her subpoenas directed to them through their Louisiana counsel should not have been quashed on the grounds that they were not parties to the action.
We agree that the assignees of the judgment should have been considered as the parties plaintiff. As the specially authorized agent of the assignees, Murray had the procedural capacity to proceed with the Louisiana action. By the express terms of CCP Art. 694, however, the assignees-principals are legally deemed parties plaintiff. See also LSA-CCP Art. 1355, comment (e). Notwithstanding, it does not automatically follow that the trial court erred in quashing the subpoenas under the circumstances revealed by this record.
Trial of this case was originally set for October 28, 1983. On October 26, after subpoenas had issued and a motion to quash had been filed, counsel for each of the parties stipulated that the trial would be continued and that Ms. Briscoe would take depositions of the assignees, for evi-dentiary purposes, and without waiver of Ms. Briscoe’s rights to later attempt to subpoena the assignees through Louisiana counsel. It was also stipulated that any later subpoenas of the assignees through Louisiana counsel would “not be permitted unless the court, after reviewing the depositions, deems the presence of those individuals [and their] cooperation necessary for the trial.” The court then quashed the first subpoenas and Ms. Briscoe’s Louisiana attorney obtained an order compelling depositions of two of the assignees.
After the depositions of three of the assignees and of Murray were taken by Ms. Briscoe’s Texas counsel, Ms. Briscoe again attempted to subpoena the assignees through their Louisiana counsel to attend the December 15, 1983, trial. CCP Art. 1355. A motion to quash the subpoenas was again filed and sustained on the grounds that the assignees were not parties to the Louisiana action. We are satisfied that they are parties. CCP Art. 694.
The shareholders initiated the Louisiana action, first through Transworld, and continued it in their own right, as assignees of the judgment and through their agent, Murray. The assignees subjected themselves to the jurisdiction of the Louisiana court and that court’s inherent power that is necessary for the exercise of its jurisdiction. CCP Art. 191. The Louisiana court could have entertained any reconventional demand Ms. Briscoe could have brought against the assignees. CCP Arts. 694 and comments, 1061, 1036.
While CCP Art. 1352 indicates that a court’s power to subpoena a witness is limited to one who resides, or who is employed, in this state,[1] other articles do not indicate such limits on the court’s power to subpoena a party. See CCP Arts. 1634, 1355, 191. We are not unmindful of Cattle *104 Farms, Inc. v. Abercrombie, 146 So.2d 689 (La.App. 4th Cir.1962), rev. on other grounds, 244 La. 969, 155 So.2d 426 (1963). That case held that the authority of CCP Art. 1634, allowing one party to call and cross-examine other parties, does not extend to other parties who reside in another state. We must respectfully disagree with that holding. Cattle Farms did not consider Art. 1634 in the light of Arts. 191 and 1355. A non-resident plaintiff who invokes the jurisdiction of a Louisiana court should be subject to the subpoena power of that court in the same manner as he is subject to that court’s jurisdiction to hear recon-ventional demands which may be brought against him. CCP Art. 1061, 1036. See Stephens Photo, Inc. v. Southern Portraits, Inc., 424 So.2d 1100 (La.App. 1st Cir.1982).
We hold then that a Louisiana court has the power and the means to subpoena a non-resident party plaintiff to an action pending before that court. This power is exercised by service on the Louisiana attorney of record for that non-resident party. CCP Art. 1355. The existence of that power does not mean that it should be exercised, unrestrained, in every case, especially in view of the CCP articles which enable one party to request admissions of, to interrogate, or to depose another party. See generally, CCP Arts. 1421-1515. In some circumstances, the obvious inconvenience, expense, or hardship created by distance, when raised by the non-resident party, should temper the exercise of the court’s power to compel attendance of a non-resident party. See Smalley v. Brown, 156 La. 669, 101 So. 16 (1924).
While the trial court erred in finding that the assignees were not parties plaintiff and subject to the court’s subpoena power, we do not find that the motion to quash the subpoenas should have been overruled and we do not reverse and remand. In the stipulation of October 26, 1983, Ms. Briscoe reserved her right to later subpoena the assignees after taking their depositions, but this reservation was effectively conditioned by language that any later subpoenas would “not be permitted unless the court, after reviewing the depositions, deems the presence of [the assignees and their] cooperation necessary for trial.”
We have reviewed the depositions. The answers given by deponents were not equivocal ór evasive as Ms. Briscoe suggests. Ms. Briscoe has shown no specific prejudice. In accord with the stipulation, and after reviewing the depositions, we find that the presence of assignees at the trial was not necessary to meet due process and fair trial standards. Accordingly, we find no error in the quashing of the subpoenas under the circumstances.
CONCLUSION
Ms. Briscoe answered the Louisiana action and eventually alleged the “affirmative defense” that the Texas judgment was obtained through fraud. The conclusionary allegation was not supported by factual allegations or by factual evidence. Extrinsic fraud (that which prevents an adversary trial) may be used in a forum state to attack or bar enforcement of a foreign judgment. Lee v. Carroll, 146 So.2d 242 (La.App.3d Cir.1962); Stephens Photo, Inc., supra. Intrinsic fraud is not a bar. See West v. Lawrence, 297 So.2d 443 (La.App.3d Cir.1974), writ refused. Whatever she alleged, Ms. Briscoe did not meet her burden of proving extrinsic fraud as an affirmative defense. La. CCP Art. 1005.
If we assume either that nothing was paid for the assignment, as the depositions show, or that the price paid by Multivest for Transworld was reduced because the judgment was not “sold” to Multivest, it does not avail Ms. Briscoe. The transfer of the judgment simply was not the transfer of a litigious right under Louisiana law. Independent Ice, Lackey, Hawthorne, supra.
At appellants’ cost, judgment is AFFIRMED.

. "A witness, whether á party or not, who resides or is employed in this state may be subpoenaed to attend a trial or hearing wherever held in this state. No subpoena shall issue to compel the attendance of such a witness who resides and is employed outside the parish and more than twenty-five miles from the courthouse where the trial or hearing is to be held, unless the provisions of R.S. 13:3661 are complied with.”