WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding plaintiff Hubert Thomas could not recover for injuries he sustained while working as a hydroblaster for Coastal Power Cleaning.
Plaintiff Thomas was using a hydroblaster, or water blaster, to clean out sugar residue in a large tank at Amstar [Sugar] Refinery. He suffered injuries to his feet while operating the water blaster, alleging that 10,000 pounds of water pressure caused severe damage. He alleged in petition that the defendant manufacturer of the water blaster was strictly liable for placing a defective product into commerce, and also that the injury could have been avoided if defendant had warned the users of the need for special protection and had provided that protection, i.e. equipment. After a trial, the court held that plaintiff had failed to carry his burden of proof and ruled in favor of defendants.
There are two basic issues on appeal: (1) whether the trial court was in error in failing to order the defendant to produce materials that had been subpoenaed by the plaintiff and in granting defendant’s motion to quash, and (2) in its determination that plaintiff had failed to carry his burden of proof in proving that the manufacturer was liable.
SUBPOENA
On March 15, plaintiff filed subpoenas asking opposing attorneys for “all documents and manuals concerning the sale, operation, maintenance and design of the water blaster machine [which plaintiff was using at the time of the accident] ...” and also “for all documentations concerning complaints, design defects, safety defects, or accidents relating to the water blasting machine in question ...” On the date of trial, March 30, the defense filed a motion to quash the subpoena on the grounds that it was oppressive and burdensome. Defense counsel supplied the manuals but claimed that the remainder of the requested items could not be produced in such a short time because the request contained in the subpoena was too broad. The plaintiff asserted that he would be satisfied with a stipulation that the manufacturer knew that accidents such as the one involving the plaintiff had occurred prior to the injury. The defense refused to enter into such a stipulation, and the trial court granted the defense motion to quash.
One of the reasons given by the trial court in refusing to require the production of the information requested in the subpoena was that such a short period of time was given in which the defense had to comply: subpoenas were filed on March 15, served on counsel on March 18, and trial *753 was held on March 30. The plaintiff argues that this argument is in error because a similar subpoena had been issued to defendants for a previous trial date in July of 1982, for all records pertaining to any claims made by any person against manufacturer because of the operation of the hydroblasters. The requests in the second subpoena, however, were broader than that contained in the first subpoena served almost a year prior. The request in the subpoena served for the March trial date is extremely broad and cumbersome, especially when viewed in the light that it was served only two weeks before trial.
The trial court is granted discretion in deciding whether a subpoena should be quashed. See Bank of New Orleans and Trust Co. v. Reed Printing and Custom Graphics, Ltd., 399 So.2d 1260, 1261 (La. App. 4th Cir.1981). We find that there was no abuse of this discretion, and the ruling of the trial court was not in error.
PROOF
The defendant assigns several errors made by the trial court, relative to plaintiffs failure to sustain his burden of proof. The defense specifically argues that the trial judge was in error in: (1) holding that plaintiff needed expert testimony in order to prove that there was a duty to warn on the part of the manufacturer; (2) in finding that the device was not defective; and (3) in rejecting plaintiff’s testimony that he had never worked with high water pressure before and was unaware of the danger.
At trial, the plaintiff testified that he had used these high pressure water guns for three or four days and had not been given any instructions in its use. He testified that he wore no protective gear other than rubber boots, although on cross-examination he admitted that the rubber boots were steel-toed. Furthermore, in deposition he testified that he had done a lot of blasting with that type of machine, although he did not admit it at trial. Plaintiff also stated that he was not given any instructions by Coastal Power Cleaning on the use of the water machine. Finally, plaintiff had stated in his job application that he was experienced with the use of this machine.
The owner of Coastal Power Cleaning, Arthur Miller, testified that he instructed the defendant along with the other workers with the proper use of the machine, and its potential dangers. He stated that the workers were told never to point the machine at any part of the body or at any other person.
The only evidence offered at trial by the plaintiff was his testimony. The trial court found that the sole cause of the accident was Thomas’s negligence in the operation of the machine.
After the reviewing the evidence contained in the record, it was not an abuse of the trial court’s wide discretion to decide against plaintiff. The record is void of any evidence of any other problems with the machine other than an incident which occurred at the Amstar facility the same day as plaintiff’s injury. No evidence of design defect was introduced at trial. Plaintiff failed to carry his burden of proving that a defective device was placed into commerce.
Finally, plaintiff argues that the trial court was in error in applying a contributory negligence standard, because this is a products liability case and assumption of the risk is the proper standard to be used. This argument is totally without merit, because the trial court held that the device was not defective, and therefore, strict liability on the part of the manufacturer did not attach.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.