Judge Roland L. Belsome
hln preparation for trial on this meso-thelioma case, the plaintiff served trial subpoenas on numerous defendant corporations for the in-court appearance of a corporate representative at trial. The defendant corporations filed motions to quash the subpoenas. The trial court granted the motions to quash as to the corporations that were not domiciled in Louisiana. The plaintiff filed an application for supervisory writs to this Court, which was denied in a 2-1 decision.[1] Thereafter, the plaintiff filed a writ application in the Louisiana Supreme Court. Subsequently, the Louisiana Supreme Court issued orders remanding the matter to this Court for briefing, oral argument, and full opinion.[2]
On remand, the sole issue to be determined is whether Louisiana subpoena power extends to nonresident parties participating in litigation in Louisiana courts.[3]
The limitations on subpoena power are set forth in La. C.C.P. art. 1352, which reads:
A witness, whether a party or not, who resides or is employed in this state may be subpoenaed to attend a trial or hearing wherever held in this |astate. No subpoena shall issue to compel the attendance of such a witness who resides and is employed outside the parish and more than twenty-five miles from the courthouse where the trial or hearing is to be held, unless the provisions of R.S. 13:3661 are complied with.[4]
[5]
The defendants maintain that the plain language of Article 1352 clearly provides that anyone who resides or is employed in Louisiana is subject to the subpoena authority of Louisiana courts. In turn, nonresidents that are not employed in Louisiana are exempt from being compelled to appear in the state for discovery or to attend trial. Therefore, given the defendants’ status as non-domiciliary corporations they maintain that they cannot be compelled to appear at trial. In support of that argument the defendants cite to Cat *530 tle Farms, Inc. v. Abercrombie.[6] In Cattle Farms, this court declared that the right to examine an adverse party as set forth in La.C.C.P. art. 1634 was subject to the subpoena restrictions provided for in Article 1352.[7] Accordingly, an adverse party that resided in another state and was not employed in Louisiana could not be compelled to attend trial in Louisiana.[8]
Although the Cattle Farms decision has not been overruled, the jurisprudence since the 1962 opinion has indicated that such a rigid application of the statute is incorrect. For example, this Court in Hohner v. Travelers Ins. Co., held that a plaintiff that did not reside or work in Louisiana was subject to being |acompelled to appear in the state for a discovery deposition.[9] The plaintiffs, Sherry and Kenneth Hohner moved to Anchorage, Alaska after filing a personal injury lawsuit in the Civil District Court for the Parish of Orleans. The defendants served a notice on plaintiffs’ attorney for Sherry Hohner’s deposition. The trial court ordered her to appear in New Orleans for the deposition and writs were taken to this Court.[10]
In Hohner, the defendants argued and this Court agreed that a nonresident witness was distinguishable from a nonresident litigant when determining the Court’s subpoena authority.[11] However, the Court relying on La. C.C.P. art. 1452, reversed the trial court’s order compelling Mrs. Hohner to appear in New Orleans for the discovery deposition. The Court reasoned that the expense for her to travel to New Orleans was substantial and the defendants could obtain the information through other means of discovery.[12]
Following Hohner, this Court in Broda v. Jack Sutton Co., Inc., revisited the issue of whether a nonresident plaintiff that filed suit in a Louisiana court was compelled to appear in state for a discovery deposition.[13] Citing to Hohner, the Court weighed the cost of travel, the simplicity of the case, and the potential recovery to determine that the court could not require the nonresident plaintiff to travel to Louisiana.[14]
Hohner and Broda did not find a prohibition on subpoenaing a nonresident plaintiff, but rather the Court used a discretionary approach to the issue. Likewise, in O’Rourke v. Hilton Hotels Corporation, this Court determined that a nonresident Lplaintiff was subject to the court’s subpoena power to appear for a discovery deposition.[15] However, once the court applied the factors considered in Hohner and Broda, this Court declined to compel the plaintiff’s appearance at the discovery deposition because the case was not complex, and the expense of travel compared to the potential low recovery was substantial.[16]
Additionally, the Second Circuit has also considered the scope of a Louisiana court’s subpoena power in Transworld Financial *531 Services Corp. v. Briscoe.[17] The Trans-world plaintiffs were nonresident assignees to a foreign judgment against a Louisiana resident. The assignees filed suit in Louisiana to make the judgment executo-ry. The Louisiana defendant sought to have the assignees appear for trial, and the trial court quashed the subpoenas.
On a review of that ruling the court of appeals found that the assignees were parties subject to the court’s subpoena power. The opinion specifically stated that “a nonresident plaintiff who invokes the jurisdiction of the Louisiana court should be subject to the subpoena power of the court.. .”[18] The Court further found that the limitations in article 1352 are not present in the statutes that govern the court’s power to subpoena a party.[19] The Trans-world court further disagreed with the Cattle Farms holding that La.C.C.P. art. 1634 is subject to the restrictions of article 1352. But, like the cases from this circuit, Transworld acknowledged that the subpoena power should not be exercised unrestrained, and the court should ^consider the nonresident party’s inconvenience, expense, or other hardship created by distance.[20]
Since the 1962 Cattle Farms opinion, the jurisprudence has been consistent with respect to the state having subpoena power over nonresident plaintiffs. Similarly, in Phillips Petroleum Co. v. OKC Ltd. Partnership, the Louisiana Supreme Court discussed the prospect of applying that same principle to a nonresident defendant.[21] The issue presented in Phillips was whether a nonresident nonparty corporation qualified to do business in the state could be compelled to appear in the state for a deposition.[22] Although the court found that as a nonresident nonparty witness the deposition of the corporation would be governed by the state in which the witness resides as directed by La.C.C.P. art. 1435, the court noted that “if the nonresident were a defendant party, thus subject to the personal jurisdiction of a Louisiana court, he probably would be compelled to come to the state to give his deposition.”[23]
Subsequent to the Phillips opinion, this Court addressed the issue of a nonresident party defendant in In re Medical Review Panel of Hughes.[24] In that ease, the plaintiff filed a claim requesting to convene a medical review panel to determine whether his former physician had committed malpractice. At that same time, the former patient filed a petition for discovery in the district court. The plaintiff then sought to compel the physician to appear for a deposition and the | (¡physician moved to quash the subpoena. That motion was denied and the physician applied for supervisory writs.[25]
In determining for the first time whether a nonresident party defendant could be required to appear in the state under any circumstances, this Court cited to the language in Phillips regarding the probability of a nonresident defendant party being compelled to appear in Louisiana. This Court acknowledged the statement as dicta, but nonetheless found it persuasive. Taking that pronouncement by the Su *532 preme Court together with Hohner, Broda and O’Rourke, this Court found that, like a nonresident party plaintiff, a nonresident party defendant is subject to a Louisiana court’s subpoena authority. However, that authority, as with nonresident party plaintiffs, is not unlimited. Accordingly, this Court found that out of fundamental fairness the court must consider the same factors that are relevant to compelling nonresident party plaintiffs to appear in Louisiana: travel costs, complexity of the case, the potential recovery, and whether other methods of discovery have been attempted.[26]
Clearly, the case law regarding Louisiana’s subpoena power has evolved since Cattle Farms. In the same way that Louisiana exercises personal jurisdiction over parties participating in litigation in the state, those parties may, upon the discretion of the court, be compelled to appear in Louisiana for discovery depositions, hearings, and/or trial. For these reasons we reverse the trial court’s quashing of the subpoenas served through the attorneys of record for the |7non-domiciliary corporations. We remand the matter for further consideration by the trial court consistent with the findings of this opinion.
REVERSED AND REMANDED.

. 2016-C-1030 (La. App. 4 Cir. 10/7/16), Bonin, J. dissenting.

. Hayden v. 3M Company, 2016-CC-1986, 211 So.3d 392, 2016 WL 7636025 (La. 12/16/16).

. Although defendants complain of some irregularities with the substance of the subpoenas, those issues can be cured on remand.

. La. C.C.P.art. 1342.

. La. R.S. 13:3661 provides for witnesses to receive travel expenses when they live in state but outside of the parish or more than twenty-five miles from the courthouse.

. 146 So.2d 689 (La. Ct. App. 1962), rev'd on other grounds, 244 La. 969, 155 So.2d 426 (1963).

. La. C.C.P. art. 1634 provided drat "[a]ny party or his representative may be called as a witness and cross examined by an adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony.”

. Cattle Farms, 146 So.2d at 691.

. 246 So.2d 727 (La.App. 4 Cir. 1971).

. Id.

. Id. at 728.

. Hohner, 246 So.2d at 728-29.

. 488 So.2d 226 (La.App. 4th Cir. 1986).

. Id. at 227-28.

. 560 So.2d 76 (La.App. 4th Cir. 1990).

. Id. at 80.

. 459 So.2d 100 (La.App. 2nd Cir. 1984).

. Id. at 104.

. Id. at 103.

. Id.

. 634 So.2d 1186 (1994).

. Id. at 1188-89.

. Phillips, 634 So.2d at 1188, fn. 3.

. 01-2313 (La.App. 4 Cir. 1/23/02), 807 So.2d 1074.

. Id.

. The record on the application for supervisory writ did not contain sufficient evidence to analyze those factors so the matter was remanded for the trial court to determine whether the nonresident defendant would be compelled to appear in Louisiana for a discovery deposition.