**RONALD CLARK MCMASTER**     *       NO. 2019-C-0592

**VERSUS**                  *

                                **COURT OF APPEAL**

**UNION CARBIDE CORP. ET**     *
**AL.**                        **FOURTH CIRCUIT**

                             *

                                **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-393, DIVISION "B"
Honorable Michael D. Clement,
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany G. Chase)

McGready Richeson
**PUGH ACCARDO HAAS RADECKER & CAREY, LLC**
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163

       COUNSEL FOR THE RELATORS/UNION CARBIDE CORPORATION
       AND MONTELLO, INC.

Susannah B. Chester-Schindler
**WATERS & KRAUS, LLP**
3141 Hood Street, Suite 700
Dallas, Texas 75219

       COUNSEL FOR THE PLAINTIFF, RONALD CLARK MCMASTER

       **WRIT GRANTED; TRIAL COURT'S RULING MODIFIED IN PART**

*JULY 18, 2019*

This is an asbestos case. The plaintiff, Ronald McMaster, filed this suit against numerous defendants, including the Relators—Union Carbide Corporation and Montello, Inc.—alleging that he was exposed to asbestos while employed at Gulf Oil from 1978 to 1980. In preparation for trial, the plaintiff requested that the clerk of court issue trial subpoenas to multiple corporate defendants, including the Relators. The trial subpoenas were served on the defendants' counsel. The trial subpoenas are directed generically to the corporate entities—"Union Carbide Corporation" and "Montello, Inc." The subpoenas neither specify by name any witness sought for examination, nor specify the subject matter on which the witness sought will be examined. In response, the Relators filed a motion to quash the subpoenas.

On June 27, 2019, a hearing was held on the motion to quash. Following the hearing, the trial court orally denied the motion.[1] Seeking review of this ruling, the Relators filed this writ application. For the reasons that follow, we grant the Relators' writ and modify the trial court's ruling.

_____

[1] On July 3, 2019, the trial court issued written reasons for judgment; however, no written judgment was issued.

1

We review a trial court's ruling on a motion to quash under an abuse of discretion standard.[2] The Relators' argument that the trial subpoenas should be quashed has three parts. First, they contend that the subpoenas are invalid because they request service on out-of-state corporations not subject to subpoena under La. C.C.P. art. 1352.[3]

This court construed La. C.C.P. art. 1352 in *Hayden v. 3M Co.*, 16-1030 (La. App. 4 Cir. 2/3/17), 211 So.3d 528. There, we defined the narrow issue before us as "whether Louisiana subpoena power extends to nonresident parties participating in litigation in Louisiana courts." *Id.*, 16-1030, p. 1, 211 So.3d at 529. Answering that question in the affirmative, we reasoned that "[i]n the same way that Louisiana exercises personal jurisdiction over parties participating in litigation in the state, those parties may, upon the discretion of the court, be compelled to appear in Louisiana for discovery depositions, hearings, and/or trial." *Id.*, 16-1030, p. 6, 211 So.3d at 532. *Hayden*, thus, stands for the proposition that a nonresident-party defendant may be subpoenaed to appear at trial in a Louisiana state court. The Relators' first argument is, in essence, an invitation that we revisit our holding in *Hayden*. We decline to do so.

---

[2] *See Thomas v. Weatherford International*, 463 So.2d 751 (La. App. 4th Cir. 1985); *see also Bank of New Orleans and Trust Company v. Reed Printing & Custom Graphics, Ltd.*, 399 So.2d 1260 (La. App. 4th Cir. 1981).

[3] La. C.C.P. art. 1352 provides:

> A witness, whether a party or not, who resides or is employed in this state may be subpoenaed to attend a trial or hearing wherever held in this state. No subpoena shall issue to compel the attendance of such a witness who resides and is employed outside the parish and more than twenty-five miles from the courthouse where the trial or hearing is to be held, unless the provisions of R.S. 13:3661 are complied with.

The Relators' next argument is that the trial court failed to properly conduct the *Hayden*-fundamental fairness analysis. In *Hayden*, we recognized that the subpoena power over a nonresident-party defendant is not unlimited. *Id.* We observed that "fundamental fairness [dictates that] the court must consider the same [four] factors that are relevant to compelling nonresident party plaintiffs to appear in Louisiana." *Id.,* 16-1030, p. 6, 211 So.3d at 532. Those factors are as follows: (i) travel costs, (ii) complexity of the case, (iii) the potential recovery, and (iv) whether other methods of discovery have been attempted. *Id.*

Applying the *Hayden* factors, the trial court reasoned in its written reasons for judgment as follows:

> [T]he travel costs do not appear to be unduly burdensome. This is a toxic tort case with complex issues of diagnosis and causation concerning the plaintiff's illness; and if the jury finds that he contracted mesothelioma because he was exposed to asbestos, then his potential recovery will be considerable. As this is trial, alternative discovery methods are not germane.

Based on this analysis, the trial court denied the motion to quash.

According to the Relators, the trial court's finding that the alternative discovery methods factor is not germane here is erroneous. The Relators contend that the trial court's failure to consider this factor "would illogically subject a defendant to producing an unidentified individual for trial, under the guise of producing a corporate representative, without the benefit of identification of the subject matter for the witnesses testimony, and without the protections from repeated production of corporate representatives provided by the Louisiana Supreme Court in *Johnson v. Asbestos Corp*., 00-0138 (La. 03/17/00), 755 So.2d

892."[4] We find this argument unpersuasive. The trial court's refusal to consider the alternative discovery methods factor in this context is not erroneous; as the trial court pointed out, this is a trial, not a discovery proceeding. We cannot conclude the trial court abused its discretion in applying the *Hayden* factors here.

Third, and finally, the Relators argue that the corporate subpoenas are invalid because they fail to identify the specific topics to be addressed by the corporate representatives at trial. According to the Relators, "[w]ithout information to use to identify and develop a corporate representative, the subpoenas are nothing more than a request for a fact witness, but at trial, any such witness will be limited to testifying about facts within his personal knowledge." The gist of the Relator's argument is that a trial subpoena directed generically to a corporate representative should be subject to the same specificity requirement imposed by La. C.C.P. art. 1442 for a corporate representative's deposition.[5] The Relators, however, cite no Louisiana jurisprudence in support of this argument.

---

[4] In *Johnson*, the Supreme Court held that, in asbestos cases, corporate witness depositions are limited to areas not covered in previous corporate witnesses' depositions (the "*Johnson* Rule"). The Supreme Court observed as follows:

> The scope of the deposition will be limited to areas of inquiry which were not covered in any of Avondale's previous depositions, however, follow-up questions will be allowed. In asking follow-up questions it will be plaintiff's burden to provide an appropriate "bride" question, and plaintiff shall not re-ask questions previously answered. Case remanded to the trial court for further proceedings.

*Johnson*, 00-0138, p. 1, 755 So.2d at 892.

[5] La. C.C.P. art. 1442 provides as follows:

> A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The

There is a paucity of federal jurisprudence addressing the related issue of whether Fed. R. Civ. P. 36(b)(6)—the federal equivalent to La. C.C.P. art. 1442— may be used in conjunction with Fed. R. Civ. P. 45—the federal subpoena provision. Some federal courts have held that Rule 36(b)(6) cannot be used in conjunction with Rule 45. In *Hill v. Nat'l R. R. Passenger Corp.,* 1989 WL 87621 (E.D. La. July 28, 1989) (*unpub*), for instance, the federal district court observed that "[t]here is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person . . . to testify at the trial"). In contrast, other federal courts have held that Rule 36(b)(6) may be used in conjunction with Rule 45—that a party may subpoena an unnamed corporate representative to testify on specific topics. *Conyers v. Balboa Ins. Co*., 2013 WL 2450108 (M.D. Fla. June 5, 2013) (*unpub*.).

In *Conyers*, the plaintiff's subpoena was issued to the "Corporate Representative of Balboa Insurance Company with the most knowledge as to affirmative defenses, discovery responses, claim denial and selection of engineers." 2013 WL 2450108, *1. The defendants moved to quash the subpoena for multiple reasons including that it sought to compel the attendance at trial of a corporate representative as opposed to a specifically identified person. Rejecting this argument, the district court reasoned that the plaintiff's position was supported

persons so designated shall testify as to matters known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.

by *Williams v. Asplundh Tree Expert Co.,* 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006) (*unpub.*), in which "the court declined to quash a Rule 45 subpoena served on an unnamed corporate representative." *Conyers,* 2013 WL 2450108, *1.

We acknowledge the lack of statutory or jurisprudential authority for allowing a La. C.C.P. art. 1442-type designation of areas of inquiry in the trial context. Nonetheless, this is an appropriate remedy here. Indeed, the Relators, as an alternative to quashing the subpoenas, request that we modify the trial court's ruling to require that they produce a corporate representative at trial only if the plaintiff "first identifies specific topics, and then identifies specific topics on which Defendants' prior representatives have not testified." Likewise, at the hearing in the trial court, a similar request to require identification of the specific topics was made. We find it appropriate to grant the Relators' request to modify the trial court's ruling, but only insofar as requiring the plaintiff to identify specific topics. We decline the Relators' request to require the plaintiffs to identify specific topics on which their prior representatives have not testified; this is a request to extend the *Johnson* Rule, which is a deposition rule, to the trial context.

For the foregoing reasons, the Relators' writ is granted. The trial court's ruling is modified to provide that the plaintiff is required to identify specific topics on which the Relators' corporate witnesses are compelled to testify.

**WRIT GRANTED; TRIAL COURT'S RULING MODIFIED IN PART**