| | | |
|---|---|---|
| THOMAS RIGGIO | * | NO. 2023-CA-0294 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| PORTS AMERICA | * | |
| LOUISIANA, L.L.C., ANDRE | | FOURTH CIRCUIT |
| BRIDGES, BOARD OF | * | |
| COMMISSIONERS OF THE | | STATE OF LOUISIANA |
| PORT OF NEW ORLEANS, | * * * * * * * | |
| AND ABC INSURANCE | | |
| COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-08935, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Tiffany Gautier Chase)

W. Patrick Klotz
KLOTZ & EARLY
909 Poydras Street
Suite 2950
New Orleans, LA 70112

   COUNSEL FOR DISC OF LOUISIANA/APPELLEE

Michael W. McMahon
Kirk N. Aurandt
DAIGLE FISSE & KESSENICH, PLC
P.O. Box 5350
Covington, LA 70434-5350

   COUNSEL FOR DEFENDANT/APPELLANT

            **AFFIRMED**
           **NOVEMBER 13, 2023**

RLB
RML
TGC

Defendant-Appellant, Ports America Louisiana, L.L.C ("PAL"), seeks review of the trial court's February 6, 2023 judgment denying PAL's motion to compel production of documents from a non-party, DISC of Louisiana ("DISC"), and DISC's employee, Dr. K. Samer Shamieh ("Dr. Shamieh"). On September 7, 2022, PAL issued a *subpoena duces tecum*, ("Subpoena"), to DISC seeking eleven categories of documents that could generally be described as 1) medical and financial information relating to treatment of Mr. Riggio, ("Riggio"); 2) financial information relating to treatment of clients of plaintiff's counsel; and 3) financial information relating to treatment of any patient whose injury is or was the subject of litigation. DISC represented to the trial court that it has already produced all documents in its possession that are responsive to the subpoena.[1]  However, a more accurate observation would be that some categories of documents are not kept in a manner that would permit a response without unduly burdensome effort by DISC.

---

[1] PAL's brief before the trial court and here only address categories numbered four through eleven of the subpoena.  We therefore conclude that PAL is satisfied with the responses to categories one through three and that they were not at issue in the motion or in this appeal.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This personal injury suit arises from a motor vehicle accident in 2019. Dr. Shamieh treated some of the injuries that are the subject of Riggio's petition.

PAL's counsel initiated a conference to address what he believed were inadequate responses to some parts of the subpoena. The result of the conference was not satisfactory to PAL and it filed a motion to compel the production of documents described in categories four through eleven of the subpoena. DISC filed an opposition.[2] The district court heard oral arguments on December 16, 2022 and issued an order denying PAL's motion. PAL filed an application for supervisory writ seeking modification or reversal of the lower court's order. On February 6, 2023, the application was denied on procedural grounds with the writ panel holding that a discovery order involving a non-party is a final appealable judgment. PAL then filed this devolutive appeal on February 7, 2023.

**STANDARD OF REVIEW**

While trial court discovery rulings generally are interlocutory and not appealable, this court has ruled that "[t]he determination of discovery questions as to a non-party to the case is a final appealable judgment." *St. Bernard Port, Harbor & Terminal Dist. V. Violet Dock Port, Inc., L.L.C.*, 2014-0286 (La. 4 Cir. 8/27/14), 147 So. 3d 1266, n.1."; *McCloskey v. Higman Barge Lines, Inc.*, 2018-1008, p. 4 (La. App. 4 Cir. 4/10/19), 269 So. 3d 1173, 1178.

Under Louisiana law, "[a] trial court has broad discretion in handling discovery matters and an appellate court should not upset a ruling absent an abuse

---

[2] At the motion hearing, PAL introduced the report of Riggio's medical examination by Dr. Everett G. Robert, M.D., a physician retained by PAL for the purpose of conducting the examination. Dr. Robert opined that Riggio's surgery was medically unnecessary.

of discretion." *Debezies v. Trelo*, 2018-0278, p. 2 (La. App. 4 Cir. 5/23/18); 248 So.3d 498, 501. Nevertheless, a court may abuse its discretion when it "denies a motion to compel the production of information that meets the requirements of La. C.C.P. art. 1422." *Francois v. Norfolk Southern Corp.*, 2001-1954, p. 1 (La. App. 4 Cir. 3/6/02); 812 So.2d 804. Finally, "[a] trial court necessarily abuses its discretion if its ruling is based on an erroneous view or application of the law." *State v. Franklin*, 2013-1489 (La. App. 4 Cir. 6/11/14), 147 So. 3d 231, 240.

## DISCUSSION

According to the Louisiana Supreme Court, "Generally a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a non-party." *Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197, p. 3 (La. 5/24/02); 819 So.2d 287, 289.

PAL argues that the documents requested are relevant because they might show a financial basis for bias by DISC and / or Dr. Shamieh in favor of its patients or the attorneys representing them. PAL would hope to use any bias it discovers to challenge the necessity of Riggio's surgery that was recommended and performed by Dr. Shamieh.

Louisiana law defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, th[e] Code of Evidence, or other legislation." La. C.E. art. 402. Thus, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair

3

prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or waste of time." La. Code Evid. art. 403.

Louisiana courts have held that a subpoena duces tecum request must be "limited to information that is relevant or necessary to the case before the court." *Bank of New Orleans and Trust Co. v. Reed Printing & Custom Graphics, Ltd.,* 399 So.2d 1260, 1261 (La. App. 4 Cir. 1981) (citing *In Re Kohn,* 357 So.2d 279 (La. App. 4 Cir. 1979); *Keiffe* v. *La Salle Realty Co.,* 112 So. 799 (La. 1927)). Moreover, the party issuing a subpoena duces tecum must show good cause for its issuance, and failure to demonstrate good cause provides a basis for the court to modify or vacate the subpoena. See *Cousins* v. *State Farm Mut. Auto. Ins. Co.,* 258 So.2d 629, 633-34 (La. App. 1 Cir. 1972).

In *Fauria v. Dwyer*, 2002-2320 (La. App. 4 Cir. 9/24/03), 857 So. 2d 1138, 1147, defendants issued a similar wide-ranging *subpoena duces tecum* to a treating physician. As in the case at bar, defense counsel in *Fauria* defended the relevance and good cause for the subpoena as a means to "establish bias 'to impeach the testimony of the plaintiffs' treating … physicians'". *Id*., 2002-2320, p. 12, 857 So.2d at 1147. The court went on to hold that the defendants' attempt to obtain impeachment material in this manner was "inappropriate".[3]

In *Qurashi v. Rosenow*, 2022-0424 (La. App. 4 Cir. 12/29/22), 367 So.3d 730, 735, this court also held that the "the burdensome nature" of such extensive *subpoenas* should also be considered when asked to enforce such extensive requests to non-party doctors. In *Qurashi*, the court upheld the lower court's decision to quash a subpoena for materials that were not maintained in a manner by which patient information could be accessed electronically. *Id*.

---

[3] *Id* at 1147.

4

The jurisprudence of our circuit supports the trial court's order quashing PAL's subpoena with respect to documents that seek information beyond that which relates to Riggio's medical treatment.  Therefore, we affirm the trial court's judgment.

**AFFIRMED**